1   DAVID L. ANDERSON (CABN 149604)
    United States Attorney
2   SARA WINSLOW (DCBN 457643)
    Chief, Civil Division
3   MICHAEL T. PYLE (CABN 172954)
    Assistant United States Attorney
4   150 Almaden Boulevard, Suite 900
5   San Jose, California 95113
    Telephone: (408) 535-5087
6   FAX: (408) 535-5081
    Email: michael.t.pyle@usdoj.gov
7

8   Attorneys for Federal Defendants

9                        UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11                              OAKLAND DIVISION

12

13

14  MARC COHODES,                          )  CASE NO. 20-cv-04015-SBA
                                           )
15           Plaintiff,                     )
                                           )
16      v.                                 )  FEDERAL DEFENDANTS' ANSWER TO
                                           )  COMPLAINT FOR DECLARATORY AND
17  UNITED STATES DEPARTMENT OF            )  INJUNCTIVE RELIEF FOR VIOLATIONS OF THE
    JUSTICE, FEDERAL BUREAU OF             )  FREEDOM OF INFORMATION ACT
18  INVESTIGATION, and EXECUTIVE           )
    OFFICE FOR UNITED STATES               )
19  ATTORNEYS,                             )
                                           )
20           Defendants.                    )
                                           )
21  _____    )

22

23

24

25

26

27

28

FEDERAL DEFENDANTS' ANSWER
CASE NO. 20-CV-04015-SBA

Defendants United States Department of Justice, Federal Bureau of Investigation ("FBI"), and Executive Office for United States Attorneys ("EOUSA") (collectively, "Federal Defendants") hereby respond to the Complaint for Declaratory and Injunctive Relief for Violations of the Freedom of Information Act filed by Plaintiff Marc Cohodes on June 17, 2020. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

## SUMMARY OF THE ACTION

1.      Federal Defendants admit that the Department of Justice is an agency of the federal government and that the FBI and EOUSA are components of the Department of Justice. Except as so expressly admitted, Federal Defendants deny the remaining allegations in Paragraph 1.

2.      Federal Defendants respectfully refers the Court to Plaintiffs' FOIA requests at issue in this case for a full and accurate statement of the requested documents. To the extent that Plaintiffs' characterization of the FOIA requests at issue differs from its contents, Federal Defendants deny the remaining allegations contained in Paragraph 2.

3.      The allegations in Paragraph 3 are not material to this FOIA dispute. As such, no response is required. To the extent that a response is required, Federal Defendants are without sufficient knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in Paragraph 3.

4.      The allegations in Paragraph 4 are not material to this FOIA dispute. As such, no response is required. To the extent that a response is required, Federal Defendants are without sufficient knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in Paragraph 4.

5.      Federal Defendants deny each and every allegation in Paragraph 5.

6.      The allegations in Paragraph 6 are not material to this FOIA dispute. As such, no response is required. To the extent that a response is required, Federal Defendants are without sufficient knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in Paragraph 6.

7.      The allegations in Paragraph 7 are not material to this FOIA dispute. As such, no response is required. To the extent that a response is required, Federal Defendants are without sufficient

knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in Paragraph 7. Further, it is not possible to make a single FOIA request that covers all components of the Department of Justice ("DOJ") because the DOJ "has a decentralized system for processing [FOIA] requests, with each component handling requests for its records." 28 C.F.R. § 16.1(c) (Jan. 4, 2017). "To make a request for records to the Department, a requester should write directly to the FOIA office of the component that maintains the records being sought." *Id*. § 16.3(a)(1).

8.      Federal Defendants deny each and every allegation in Paragraph 8.

9.      Federal Defendants admit that Plaintiff submitted FOIA requests dated April 21, 2020 to the FBI, EOUSA, and DOJ's Mail Referral Unit ("MRU"),[1] which then forwarded Plaintiffs' request the Department's Office of Information Policy ("OIP"). Except as so expressly admitted, Federal Defendants deny each and every allegation in Paragraph 9.

10.      Paragraph 10 consist of Plaintiffs' characterizations of its reasons for bringing this civil action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to which no response is required. To the extent that a response is required, Federal Defendants are without sufficient knowledge to admit or deny the factual allegations and, on that basis, deny the allegations in Paragraph 10.

## THE PARTIES

11.      Federal Defendants are without sufficient knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in Paragraph 11.

12.      Federal Defendants admit the allegations in Paragraph 12.

13.      Federal Defendants admit allegations in the first sentence in Paragraph 13. Federal Defendants deny the allegations in the second sentence in Paragraph 13.

14.      Federal Defendants admit allegations in the first sentence in Paragraph 14. Federal Defendants deny the allegations in the second sentence in Paragraph 14.

## JURISDICTION AND VENUE

15.      Paragraph 15 contains Plaintiff's legal conclusions regarding jurisdiction, to which no

---

[1] To the extent a requester is uncertain of which component would have records responsive to its request, a requester may send a FOIA request to the MRU, which will then forward the request to the component(s) that it determines to be most likely to maintain the records that are sought. 28 C.F.R. 16.3(a)(2).

1    response is required.  To the extent a response is required, Federal Defendants do not dispute that this

2    Court has jurisdiction over this FOIA action for any claim for which Plaintiff has exhausted all of his

3    administrative remedies.

4         16.      Paragraph 16 contains Plaintiff's legal conclusions regarding venue, to which no response

5    is required.  To the extent a response is required, Federal Defendants do not contest venue in this

6    District.

7                                      **FACTUAL BACKGROUND**

8         17.      The allegations in Paragraph 17 are not material to this FOIA dispute.  As such, no

9    response is required.  To the extent that a response is required, Federal Defendants are without sufficient

10   knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in

11   Paragraph 17.

12        18.      The allegations in Paragraph 18 are not material to this FOIA dispute.  As such, no

13   response is required.  To the extent that a response is required, Federal Defendants are without sufficient

14   knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in

15   Paragraph 18.

16        19.      The allegations in Paragraph 19 are not material to this FOIA dispute.  As such, no

17   response is required.  To the extent that a response is required, Federal Defendants are without sufficient

18   knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in

19   Paragraph 19.

20        20.      The allegations in Paragraph 20 are not material to this FOIA dispute.  As such, no

21   response is required.  To the extent that a response is required, Federal Defendants are without sufficient

22   knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in

23   Paragraph 20.

24        21.      The allegations in Paragraph 21 are not material to this FOIA dispute.  As such, no

25   response is required.  To the extent that a response is required, Federal Defendants are without sufficient

26   knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in

27   Paragraph 21.

28        22.      The allegations in Paragraph 22 are not material to this FOIA dispute.  As such, no

response is required.  To the extent that a response is required, Federal Defendants are without sufficient knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in Paragraph 22.

23.    The allegations in Paragraph 23 are not material to this FOIA dispute.  As such, no response is required.  To the extent that a response is required, Federal Defendants are without sufficient knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in Paragraph 23.

24.    The allegations in Paragraph 24 are not material to this FOIA dispute.  As such, no response is required.  To the extent that a response is required, Federal Defendants are without sufficient knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in Paragraph 24.

25.    The allegations in Paragraph 25 are not material to this FOIA dispute.  As such, no response is required.  To the extent that a response is required, Federal Defendants are without sufficient knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in Paragraph 25.

26.    The allegations in Paragraph 26 are not material to this FOIA dispute.  As such, no response is required.  To the extent that a response is required, Federal Defendants are without sufficient knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in Paragraph 26.

27.    The allegations in Paragraph 27 are not material to this FOIA dispute.  As such, no response is required.  To the extent that a response is required, Federal Defendants are without sufficient knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in Paragraph 27.

28.    The allegations in Paragraph 28 are not material to this FOIA dispute.  As such, no response is required.  To the extent that a response is required, Federal Defendants are without sufficient knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in Paragraph 28.

29.    The allegations in Paragraph 29 are not material to this FOIA dispute.  As such, no

response is required.  To the extent that a response is required, Federal Defendants are without sufficient knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in Paragraph 29.

30.    The allegations in Paragraph 30 are not material to this FOIA dispute.  As such, no response is required.  To the extent that a response is required, Federal Defendants are without sufficient knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in Paragraph 30.

31.    The allegations in Paragraph 31 are not material to this FOIA dispute, as Plaintiff only alleges violation of the April 21, 2020 FOIA requests to the FBI and EOUSA.  As such, no response is required.  To the extent that a response is required, Federal Defendants are without sufficient knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in Paragraph 31.

32.    The allegations in Paragraph 32 are not material to this FOIA dispute, as Plaintiff only alleges violation of the April 21, 2020 FOIA requests to the FBI and EOUSA.  As such, no response is required.  To the extent that a response is required, Federal Defendants are without sufficient knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in Paragraph 32.

33.    The allegations in Paragraph 33 consist of legal conclusions, to which no response is required.  To the extent that a response is required, Federal Defendants deny each and every allegation in Paragraph 33.

34.    The allegations in Paragraph 34 are not material to this FOIA dispute, as Plaintiff only alleges violation of the April 21, 2020 FOIA requests to the FBI and EOUSA.  As such, no response is required.  To the extent that a response is required, Federal Defendants are without sufficient knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in Paragraph 34.

35.    The allegations in Paragraph 35 consist of legal conclusions, to which no response is required.  To the extent that a response is required, Federal Defendants deny each and every allegation in Paragraph 35.

36.     The allegations in Paragraph 36 consist of legal conclusions, to which no response is required.  To the extent that a response is required, Federal Defendants deny each and every allegation in Paragraph 36.

37.     Federal Defendants respectfully refers the Court to the FBI's February 28, 2020 response to Plaintiff's FOIA request for a full and accurate statement of its contents. To the extent that Plaintiffs' characterization of the FBI's response differs from its contents, Federal Defendants deny the remaining allegations contained in Paragraph 37.

38.     Federal Defendants respectfully refers the Court to the FBI's February 28, 2020 response to Plaintiff's FOIA request for a full and accurate statement of its contents. To the extent that Plaintiffs' characterization of the FBI's response differs from its contents, Federal Defendants deny the remaining allegations contained in Paragraph 38.

39.     Federal Defendants respectfully refers the Court to the FBI's February 28, 2020 response to Plaintiff's FOIA request for a full and accurate statement of its contents. To the extent that Plaintiffs' characterization of the FBI's response differs from its contents, Federal Defendants deny the remaining allegations contained in Paragraph 39.

40.     Federal Defendants are without sufficient knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in Paragraph 40.

41.     Federal Defendants are without sufficient knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in Paragraph 41.

42.     Federal Defendants are without sufficient knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in Paragraph 42.

43.     Federal Defendants are without sufficient knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in Paragraph 43.

44.     Federal Defendants are without sufficient knowledge to admit or deny the factual allegations and, on that basis, deny each and every allegation in Paragraph 44.

45.     Federal Defendants admit that Plaintiff submitted FOIA requests dated April 21, 2020 to the FBI, EOUSA, and the MRU, which forwarded the request to OIP, but otherwise deny the allegations of the first sentence of Paragraph 45.  Federal Defendants are without sufficient knowledge to admit or

1   deny the factual allegations in the second through fourth sentences of Paragraph 45 and, on that basis,

2   deny each and every allegation in the second through fourth sentences of Paragraph 45. Federal

3   Defendants deny each and every allegation in the fifth and sixth sentences of Paragraph 45.

4        46.       Paragraph 46 consists of Plaintiff's characterizations of its reasons for bringing this civil

5   action pursuant to FOIA to which no response is required. To the extent that a response is required,

6   Federal Defendants are without sufficient knowledge to admit or deny the factual allegations and, on

7   that basis, deny the allegations in Paragraph 46.

8                              **FIRST CLAIM FOR RELIEF**

9        47.       Federal Defendants repeat and reallege their responses to Paragraphs 1-46.

10       48.       Federal Defendants admit that Plaintiff submitted a FOIA request to the FBI on April 21,

11   2020. The remaining allegations in Paragraph 48 consist of legal conclusions, to which no response is

12   required. To the extent that a response is required, Federal Defendants deny each and every allegation

13   in Paragraph 48.

14       49.       The allegations in Paragraph 49 consist of legal conclusions, to which no response is

15   required. To the extent that a response is required, Federal Defendants deny each and every allegation

16   in Paragraph 49.

17       50.       The allegations in Paragraph 50 consist of legal conclusions, to which no response is

18   required. To the extent that a response is required, Federal Defendants deny each and every allegation

19   in Paragraph 50.

20       51.       The allegations in Paragraph 51 consist of legal conclusions, to which no response is

21   required. To the extent that a response is required, Federal Defendants deny each and every allegation

22   in Paragraph 51.

23       52.       The allegations in Paragraph 52 consist of legal conclusions, to which no response is

24   required. To the extent that a response is required, Federal Defendants deny each and every allegation

25   in Paragraph 52.

26       53.       The allegations in Paragraph 53 consist of legal conclusions, to which no response is

27   required. To the extent that a response is required, Federal Defendants deny each and every allegation

28   in Paragraph 53.

54.     The allegations in Paragraph 54 consist of legal conclusions, to which no response is required. To the extent that a response is required, Federal Defendants deny each and every allegation in Paragraph 54.

## SECOND CLAIM FOR RELIEF

55.     Federal Defendants repeat and reallege their responses to Paragraphs 1-46.

56.     Federal Defendants admit that Plaintiff submitted a FOIA request to EOUSA on April 21, 2020. The remaining allegations in Paragraph 56 consist of legal conclusions, to which no response is required. To the extent that a response is required, Federal Defendants deny each and every allegation in Paragraph 56.

57.     The allegations in Paragraph 57 consist of legal conclusions, to which no response is required. To the extent that a response is required, Federal Defendants deny each and every allegation in Paragraph 57.

58.     The allegations in Paragraph 58 consist of legal conclusions, to which no response is required. To the extent that a response is required, Federal Defendants deny each and every allegation in Paragraph 58.

59.     The allegations in Paragraph 59 consist of legal conclusions, to which no response is required. To the extent that a response is required, Federal Defendants deny each and every allegation in Paragraph 59.

60.     The allegations in Paragraph 60 consist of legal conclusions, to which no response is required. To the extent that a response is required, Federal Defendants deny each and every allegation in Paragraph 60.

61.     The allegations in Paragraph 61 consist of legal conclusions, to which no response is required. To the extent that a response is required, Federal Defendants deny each and every allegation in Paragraph 61.

62.     The allegations in Paragraph 62 consist of legal conclusions, to which no response is required. To the extent that a response is required, Federal Defendants deny each and every allegation in Paragraph 62.

The remainder of the Complaint consists of Plaintiff's Prayer for Relief, to which no response is

required.  To the extent a response is required, Federal Defendants deny the allegations in the Prayer for Relief section of the Complaint, and deny that Plaintiff is entitled to any of the relief requested, or to any relief whatsoever from Federal Defendants.

AFFIRMATIVE DEFENSES

1.       The Department of Justice is the only proper defendant in this case since it is an agency within the meaning of 5 U.S.C. § 552(f).  Neither the FBI nor EOUSA is a proper defendant.

2.       To the extent that Plaintiff alleges or asserts matters not contained in a legally sufficient and timely administrative claim, any unexhausted claim is barred by a failure to exhaust administrative remedies.

3.       The FOIA requests that are the subject of this lawsuit implicate certain information that is protected from disclosure by one of more statutory exemptions.  *See* 5 U.S.C. § 552(b).  Disclosure of such information is not required or permitted.

4.       Plaintiff is not entitled to remedies beyond what is provided for in the FOIA.  *See* 5 U.S.C. § 552.

Federal Defendants reserve the right to assert additional affirmative defenses as warranted.

WHEREFORE, Federal Defendants pray that:

1.       Plaintiff take nothing by its Complaint;

2.       The Complaint be dismissed with prejudice;

3.       Judgment be entered in favor of Federal Defendants;

4.       Federal Defendants be awarded their costs of suit;

5.       The Court award such other and further relief, as it may deem proper.

///
///
///
///
///
///

Dated: September 9, 2020                    Respectfully submitted,


                                           DAVID L. ANDERSON

                                           United States Attorney


                                           /s/ *Michael T. Pyle*
                                           By:_____.
                                           MICHAEL T. PYLE
                                           Assistant U.S. Attorney
                                           Attorneys for Federal Defendants