UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MARC COHODES,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, et al.,<br><br>    Defendants. | Case No. 20-cv-04015-LB<br><br>**ORDER FOR ATTORNEY'S FEES FOR THE FEES MOTION** |

In this FOIA case, the court awarded the plaintiff $180,808.50 for attorney's fees expended in the litigation. The plaintiff also sought $73,948.95 in fees for the fees motion. The court allowed the government to file a supplemental opposition, and the plaintiff to reply to it, because the plaintiff estimated the fees in the initial fees motion and documented them only in the reply.[1] The court now awards $73,948.95 because the hourly rates and hours spent are reasonable.

Attorneys may recover attorney's fees for time reasonably expended on a motion for fees and costs. *Rosenfeld v. U.S. DOJ*, 904 F. Supp. 2d 988, 1008 (N.D. Cal. 2012) (citing *Brown v. Sullivan*, 916 F.2d 492, 497 (9th Cir. 1990)). The court evaluates the fees under the lodestar

---

[1] Order – ECF No. 124 at 1, 25; Stipulation – ECF No. 126 (the plaintiff does not seek additional fees for the supplemental briefing). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 20-cv-04015-LB

method: the hours reasonably expended multiplied by a reasonable hourly rate. The court's earlier order awarded fees for the underlying motion at counsel's billed rates: they had the necessary expertise for a case involving complex issues of FOIA privacy interests in the context of securities fraud, and the plaintiff paid the fees, which is evidence of the market rate.[2]

The government challenges the fees for the fees motion on three grounds: (1) even if the hourly rates are justified for the FOIA litigation, they are not for fees litigation, which is not complex, and counsel should be limited to $700 per hour; (2) the hours spent are excessive; and (3) the fees for the fees motion should be limited to twenty percent of the underlying fee award.[3] The plaintiff counters that the court's awarded hourly rates remain a reasonable hourly rate for the complex fees motion, and the government's specific challenges are only to 26.1 hours (6.6 hours for attorney discussions and 19.3 hours for fact-gathering and research), which are reasonable, as are all hours expended.[4] The court awards the fees.

First, the hourly rates are reasonable. The fees litigation was not a math exercise of hours worked times hourly rate. Instead, the plaintiff had to show eligibility for fees and justify his entitlement to them. The court's earlier order reflects the parties' briefing of complex issues and counsel's expertise, reflected in market rates that the plaintiff paid.[5]

Second, the government contends that the hours spent were unnecessary. It identifies two categories. The first category is overstaffing because three attorneys worked on the reply brief (4.4 hours) and four discussed the briefing (2.4 hours). The second category is 19.3 hours spent by one attorney, who conducted research and gathered facts.[6] Given the work necessary to address the legal issues about eligibility for and entitlement to fees, the hours were reasonably expended in in a case that spanned four years and involved significant legal issues.

---

[2] Order – ECF No. 124 at 10–11 (the lodestar legal standard), 20–21 (analysis of hourly rates).
[3] Opp'n – ECF No. 132 at 3–9.
[4] Reply – ECF No. 133 at 6–9.
[5] Order – ECF No. 124 at 9–25.
[6] Opp'n – ECF No. 132 at 2–4; Order – ECF No. 124 at 8–9 (summarizing billing records).

Third, the government argues that the fees for the fees motion should be capped at twenty percent of the underlying fee award, amounting to $36,161.70 (twenty percent of $180,808.50), which is roughly half the requested $73,948.95 based on 118.1 hours billed.[7] The court rejected a similar argument in the earlier order. The government proposed a fifty-five percent reduction in the fees, citing *Ecological Rights Foundation v. FEMA*, where the court cut the requested $702,000 fees by fifty-five percent (to $316,000) for reasons that included unnecessary research and the reality that a client would not pay for the work. 365 F. Supp. 3d 993, 1006–08 (N.D. Cal. 2008). This case is different than *Ecological Rights*: the hourly rates are reasonable, the tasks were necessary, and the plaintiff paid the fees.[8]

The government cites new cases, where courts apply an across-the-board reduction, but they do not support reducing fees by half.[9]

In *Public.Research.org v. IRS*, the court awarded most of the lodestar for the underlying FOIA litigation, which involved disclosure of Form 990s for charitable organizations, but cut the fees for the fees motion by twenty-five percent because the litigation did not involve complex or novel issues and the billing entries were non-specific. No. 13-cv-02789-WHO, 2015 WL 9987018, at *1, 8 (N.D. Cal. Nov. 20, 2015). In *Virginia-Pilot Media Cos. v. DOJ*, the court similarly awarded the lodestar (except for hours not recoverable during the administrative phase) but cut fees for preparing the fees petition by about sixty percent because the hours spent were not reasonable, some hours were not substantiated, and in the Fourth Circuit, cutting fees for a fees motion is discretionary when there is no dispute about entitlement, the parties and court are familiar with the dispute, and the court can determine the amount of time reasonably necessary for the motion. No. 2:14cv577, 2016 WL 4265742, at *6 (E.D. Va. Aug. 10, 2016). By contrast, as the court has held, the issues here were complex, and the court's review of the billing records substantiates that the billed hours were reasonably expended.

---

[7] Opp'n – ECF No. 132 at 2, 7–9; Billing Records, Ex. 1 to Harris Decl. – ECF No. 112-2.
[8] Order – ECF No. 124 at 22.
[9] Opp'n – ECF No. 132 at 7–8.

In *Electronic Frontier Foundation v. DHS*, the court determined that the relief in the case resulted from the filing of the complaint, not the largely unsuccessful summary-judgment motion. It thus reduced all fees substantially, including fees for the fees motion. No. C 12-5580-PJH, 2015 WL 6469122, at *3–6 (N.D. Cal. Nov. 18, 2014). Similarly, in *Prison Legal News v. EOUSA*, the litigation was largely unsuccessful, and the court thus reduced the fee award for the litigation and for work on the fees motion. No. 08-cv-3170824-MSK-KLM, 2010 WL 3170824, at *3–4 (D. Colo. Aug. 10, 2010). That approach makes sense in a case where the plaintiff is not entitled to its fees for the litigation or the time spent seeking the fees. *Harris v. McCarthy*, 790 F.2d 753, 758–59 (9th Cir. 1986) (applying the percentage of feesj awarded on the merits to fees on fees was not an abuse of discretion); *cf. Rosenfeld*, 904 F. Supp. 2d at 1009 (court can reduce fees on fees as excessive when there is duplication and a lack of specificity describing the hours, the case is not complicated, and the attorneys are experienced; the court cut fees on fees by twenty percent). By contrast, here the litigation was successful, and the hours spent were necessary to achieve prevailing-party fees.

* * *

The hourly rates are reasonable, and the hours expended were too. The attorneys reduced the time billed on the fees motion by ten percent, resulting in their requested $73,948.95.[10] This is equivalent to the exercise of billing judgment that courts consider when evaluating fees requests. *Cf. Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."). The total fee award is $254,757.45 ($180,808.50 plus $73,948.95).

**IT IS SO ORDERED.**

Dated: March 24, 2025

_____
LAUREL BEELER
United States Magistrate Judge

---

[10] Order – ECF No. 124 at 8–9.